UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN RAMOS,<br><br>　　　　　Respondent. | Case No. EDCV 18-1065 DMG(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I.　SUMMARY

On May 17, 2018, petitioner Hugo Lua, a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition") challenging a 2008 judgment in San Bernardino County Superior Court Case No. FVA701383 ("State Case" or "State Conviction"), claiming that his trial counsel was ineffective in multiple respects and that the trial court committed multiple errors.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to

file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PERTINENT PROCEDURAL HISTORY[2]

### A. The State Case

On May 22, 2008, petitioner was convicted of two counts of carjacking. On June 23, 2008, the court sentenced petitioner to 28 years and 4 months in state prison. The California Court of Appeal thereafter affirmed the judgment. Petitioner did not seek direct review in the California Supreme Court. Petitioner thereafter sought and was denied post-conviction relief in at least the San Bernardino County Superior Court and the California Supreme Court.

### B. First Federal Action and Ninth Circuit Action

On March 12, 2013, petitioner formally filed the First Federal Petition challenging the judgment in the State Case. On April 4, 2014, the assigned Magistrate Judge issued a Report and Recommendation ("Prior R&R") recommending that the First Federal Petition be denied and the First Federal Action be dismissed with prejudice because the First Federal Petition was untimely. On May 14, 2013, the assigned District Judge approved and accepted

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and court records in the Central District of California (CDCA) and the Ninth Circuit in the following cases of which this Court takes judicial notice: (1) Hugo Lua v. Warden G. Lewis, CDCA Case No. EDCV 13-461-DOC (JCG) ("First Federal Petition" or "First Federal Action"); and (2) Hugo Lua v. G. Lewis, Ninth Circuit Case No. 13-56145 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

the Prior R&R and ordered that judgment be entered denying the First Federal Petition and dismissing the First Federal Action with prejudice. Judgment was entered accordingly on May 15, 2013. On October 28, 2013, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action because petitioner's notice of appeal was not timely filed.

### C. Current Federal Petition

As noted above, on May 17, 2018, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied and the First Federal Action was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth

Circuit, this Court lacks jurisdiction to consider it.

**IV.     ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Current Federal Petition to the Ninth Circuit.

IT IS SO ORDERED.

DATED: June 1, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE